**Maria Del Carmen SALDIVAR–DOMINGUEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70554.

United States Court of Appeals, Ninth Circuit.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

Walter Rafael Pineda, Esq., Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., William K. Olivier, U.S. Department of Justice, Washington, D.C., for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Maria Del Carmen Saldivar–Dominguez, a native and citizen of Mexico, petitions for review from the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") denial of her application for withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the BIA's conclusion that petitioner failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The BIA determined that threats of physical violence against petitioner's sister and other Jehovah's witnesses in Mexico did not amount to persecution because petitioner's sister, and others petitioner mentioned, suffered no physical harm and were not detained. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (describing persecution as something other than harassment). Notably, petitioner did not even become a Jehovah's witness until after she entered the United States. Because petitioner failed

---

to establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Lata,* 204 F.3d at 1244.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**